IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JERRELL PRICE,

                Petitioner,

      v.                                        CASE NO. 12-3243-SAC

ATTORNEY GENERAL OF KANSAS,

                Respondent.

**MEMORANDUM AND ORDER**

    This matter is a petition for habeas corpus filed pursuant to 28 U.S.C. § 2254. Petitioner, a prisoner now incarcerated in Clarksville, Tennessee, challenges his 2010 conviction in the District Court of Dickinson County, Kansas. He proceeds pro se, and the court grants leave to proceed in forma pauperis.

    The petition asserts claims of false sentencing and journal entry (Ct. 1) and false count in the journal entry (Ct. 2). Petitioner appears to assert that he entered a plea of guilty to consensual sexual activity but instead was convicted of incest. He seeks damages.

    The court has conducted an initial review of the petition and examined state appellate court records maintained on-line.[1] It appears that petitioner's appeal from his conviction ended on October 24, 2011, when the Kansas Supreme Court denied his petition for review and became final for ninety days later, upon the expiration of the time for seeking review in the United States Supreme Court.

    Assuming for purposes of this order that petitioner presented

---

[1] A copy of the state appellate docket is attached.

the claim he now asserts in the state appellate courts, he has exhausted state court remedies and timely filed this petition.

Here, petitioner seeks relief on the ground that the journal entry in his criminal case showing he was convicted of incest is inconsistent with his guilty plea. However, the court notes that the opinion of the Kansas Court of Appeals states, "Price pled guilty to one count of incest, a severity level 10 person felony." *State v. Price*, 252 P.3d 646 (Table)(Kan.App. 2011).[2]

Under habeas corpus jurisdiction, a federal court cannot address errors of state law and is bound by a state court's interpretation of its own law. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). The classification of petitioner's criminal conduct in the journal entry prepared in the state court is such a matter. Petitioner is not entitled to habeas corpus relief.

Finally, plaintiff's claim for damages must be dismissed for failure to state a claim for relief. In *Heck v. Humphrey,* 512 U.S. 477 (1994), the United States Supreme Court held that damages may not be recovered in an action under 42 U.S.C. § 1983 for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless the prisoner first establishes that the conviction or sentence has been overturned or otherwise invalidated. Accordingly, petitioner's claim for damages based upon a wrongful conviction will not accrue unless and until that conviction is set aside.

IT IS, THEREFORE, BY THE COURT ORDERED the petition for habeas corpus is dismissed and all relief is denied.

---

[2] A copy of the unpublished order is attached.

IT IS FURTHER ORDERED petitioner's motion for leave to proceed in forma pauperis (Doc. 2) is granted.

A copy of this order shall be transmitted to the petitioner.

**IT IS SO ORDERED.**

DATED: This 18th day of March, 2013, at Topeka, Kansas.

                                        S/ Sam A. Crow  
                                        SAM A. CROW  
                                        U.S. Senior District Judge